PETER G. SIACHOS
PSIACHOS@GORDONREES.COM
DIRECT DIAL: (973) 549-2532

*Admitted In: NJ, NY, DC, SC and PA*



18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
WWW.GRSM.COM

January 30, 2018

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Lyndon Brown v. I.C. System, Inc.**
> Civil Action No.: 1:17-cv-01354

Dear Judge Irizarry:

This firm represents Defendant I.C. System, Inc. ("ICS"), in the above-referenced matter. Per Your Honor's Individual Rule IV(A), we respectfully write to request permission to file a motion for summary judgment in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 56.

Plaintiff Lyndon Brown ("Plaintiff") filed his class action complaint with this court on March 10, 2017 alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff's individual and class claims arise out of a letter received from ICS requesting payment of a debt that was owed to Time Warner Cable ("TWC"). TWC's agreement with ICS to collect delinquent debts does not allow ICS to add any interest to the debt.

In an effort to collect the outstanding debt, ICS sent Plaintiff a letter on March 14, 2016, requesting payment of $454.01[1] for TWC equipment still in Plaintiff's possession and an outstanding service balance. On March 15, 2016, a representative from ICS called Plaintiff regarding the outstanding balance. On the brief telephone call, Plaintiff stated that he intended on returning the equipment and would pay the service balance of $79.01 with TWC when he returned the equipment. At no point on the telephone call, or in any further correspondence with ICS, did Plaintiff dispute the amount of the debt owed to TWC.

On March 18, 2016, ICS confirmed that Plaintiff satisfied his debt with TWC, and ICS updated the debt amount to $0.00. ICS did not engage in any further collection efforts on Plaintiff's account after the March 15, 2016, telephone call. Further, the screenshot of the payment portal is unverified. If Plaintiff entered a valid account number *before* his March 18 payment and pressed "Next," he would have seen a screen displaying the $454.01 balance; if it was after, he would have seen a $0.00 balance. In either event, the screenshot attached to the Complaint would not be an option.

---

[1] Plaintiff states throughout his Complaint that the March 14, 2016 letter had a balance of $9,743.37. However, pursuant to the letter attached to the complaint as Exhibit A, the letter shows a balance of $454.01, which included an equipment balance of $375 and service charge of 79.01.

Honorable Dora L. Irizarry
January 30, 2018
Page 2

Even though Plaintiff does not have any actual damages, and therefore does not have standing in this matter, he alleges that ICS violated various provisions of the FDCPA by: (1) failing to disclose that the balance may increase due to interest and fees when N.Y.C.P.L.R. § 5001 allows for prejudgment interest;[2] (2) misrepresenting the amount of the debt owed by Plaintiff by failing to disclose if the account balance may increase due to interest and fees, or that such fees would be waived;[3] (3) engaging in deceptive practices by collecting a processing fee;[4] and (4) making false, deceptive or misleading representations when Plaintiff encountered an error on the online payment portal, requesting that he call ICS.[5]

Summary judgment in ICS's favor is appropriate here, where there are no genuine issues of material fact, and ICS is entitled to judgment as a matter of law.[6]  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[7]

There is no genuine issue for trial as to Plaintiff's first cause of action.  Section 1692g requires a debt collector to provide certain information, including the amount of debt, to a consumer within five days of the initial communication, unless the information is contained in the initial communication or the consumer **has paid the debt**.[8]  ICS's initial communication with Plaintiff was its March 14, 2016 letter.  Plaintiff paid the debt within five days of the initial communication on or before March 18, 2015.  Accordingly, there can be no violation of section 1692g.

Even if section 1692g did apply, ICS maintains that there was no violation as a matter of law.  Plaintiff alleges that the "amount of debt" was not disclosed because ICS did not inform Plaintiff that his account balance may increase due to interest and fees pursuant to the Court's ruling in *Avila v. Riexinger Associates, LLC*, 817 F.3d 72 (2nd Cir 2016).  While *Avila* and cases following require inclusion of explanatory language in a notice letter where the balance due is subject to increase through the accrual of interest or imposition of fees, the cases do **not** require a debt collector to advise a consumer that the balance may increase due to interest or fees where there is **not** a possibility of that occurring.[9]  Post-Avila cases addressing a static balance have found that a debt collector need not advise the consumer of the fact that the balance will not change.[10]  ICS was not entitled to collect interest on Plaintiff's outstanding TWC debt.  Because Plaintiff's debt was not subject to increase, ICS was not required to include the language set forth in *Avila*, and there can be no violation of section 1692g as a matter of law.

---

[2] Alleged violation of 15 U.S.C. § 1692g.

[3] Alleged violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10).

[4] Alleged violation of 15 U.S.C. §§ 1692e(2) and 1692f(1).

[5] Alleged violation of 15 USC § 1692e *et seq.*

[6] *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[7] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[8] *See* 15 U.S.C. § 1692g.

[9] *Derosa v. CAC Financial Corp.*, No. 16-CV-1472, 2017 U.S. Dist. LEXIS 162415, at *5 (E.D.N.Y. Sep. 29, 2017).

[10] *See, e.g.*, *Taylor v. Financial Recovery Services*, 252 F. Supp. 3d 344, 2017 U.S. Dist. LEXIS 76243, 2017 WL 2198980, at *6 (S.D.N.Y. 2017) (distinguishing *Avila* where there was no evidence that payment of the stated balance would not satisfy the debt), appeal docketed, No. 17-1650 (2d Cir. 2017); *Dick v. Enhanced Recovery Co.*, 15-CV-2631, 2016 U.S. Dist. LEXIS 135789, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016) (noting that "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future.") (emphasis in original).

Honorable Dora L. Irizarry
January 30, 2018
Page 3

Plaintiff further cites N.Y.C.P.L.R. §§ 5001(a) and (b), New York statutes providing for the award of interest and fees on a legal judgment for breach of contract, somehow thinking this will persuade this Court that ICS has violated the FDCPA.  However, ICS did not institute an action against Plaintiff, thus N.Y.C.P.L.R. §§ 5001(a) does not apply and does nothing to support Plaintiff's claim.[11]

For the same reasons stated above, Plaintiff's second cause of action for violation of 15 U.S.C. § 1692e fails as a matter of law because ICS was not required to state that the balance may increase due to interest or fees, as Plaintiff's balance was static.

Plaintiff's third cause of action fails as a matter of law.  ICS's collection letter does not mention a processing fee, and per Plaintiff's own admission, he could not access the online payment portal.  Accordingly, Plaintiff has no standing for this claim.[12]  Moreover, any such fee that may have been charged was not collected by ICS, but solely by a third party vendor. Because ICS did not collect this fee, it cannot be in violation of the FDCPA.  Plaintiff also had alternative options of payment that would not have include this third party processing fee.

Plaintiff's fourth cause of action also fails as a matter of law because there were no false or misleading representations with regard to ICS's website.  Based on Plaintiff's payment of the debt to TWC, and the zero balance within ICS' records, Plaintiff's account number was disabled relative to the online payment portal.  There was no deception aimed at obtaining Plaintiff's personal information as ICS had it from TWC, and Plaintiff confirmed it during the March 15 telephone call.  This claim is therefore unsupported by any facts and must fail as a matter of law.

For the foregoing reasons, ICS respectfully requests that it be permitted to file a motion for summary judgment pursuant to FRCP 56.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/Peter G. Siachos*

PETER G. SIACHOS

cc:    All Counsel of Record (*Via ECF*)

---

[11] *See Altieri v. Overton, Russell, Doerr, & Donovan, LLP*, 2017 U.S. Dist. LEXIS 188971 (N.D.N.Y. Nov. 14, 2017) (FDCPA does not require a collection letter to disclose interest pursuant to N.Y.C.P.L.R. § 5001, because such interest cannot be assessed unless and until a civil action is commenced).

[12] *See Daitz v. Int'l Recovery Assocs.*, 2016 U.S. Dist. LEXIS 102695, at *19 (E.D. N.Y. Aug. 4, 2016 (where the collection letter did not mention a processing fee, and where there is no allegation that Plaintiff visited the website, there is no standing for a violation under the FDCPA); *Lewis v. ABC Business Serv.*, 911 F. Supp. 290, 292-293 (S.D. Ohio, 1996) (dismissing FDCPA claim based on language in a letter that provided the option to pay a debt by Money Gram for an additional processing fee because "any such fee, voluntarily chosen by the debtor if he or she chose this payment option, would not be paid to [debt collector] or any entity it controlled[].");  and *Shami v. Nat'l Enter. Sys.*, 914 F. Supp. 2d 353, 357-58 (E.D.N.Y. 2012)(Summary Judgment granted for defendant debt collector based on affidavit that the defendant did not collect or retain any portion of the processing fee).